IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11420
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus

HARRY LYNN BENNETT,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:96-CR-24-1
- - - - - - - - - -
June 26, 1997
Before KING, JOLLY, and DENNIS, Circuit Judges:

PER CURIAM:[*]

     Harry Lynn Bennett appeals his sentence for mail fraud and

tax evasion, arguing that the district court erred in failing to

group, for sentencing purposes, the mail fraud count with the tax

evasion counts, since they are "closely related" counts under

U.S.S.G. § 3D1.2(c).  After Bennett filed his appeal, this court

decided <u>United States v. Haltom</u>, No. 96-10707 (U.S. 5th Cir. May

_____

     [*] Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

13, 1997), a connected case in which the same issue was raised, and on which the defendant prevailed.

In <u>Haltom</u>, this court concluded that the district court had erred in failing to group Haltom's mail fraud and tax evasion offenses together as "closely related" counts pursuant to § 3D1.2(c), since "the mail fraud count 'embodies conduct that is treated as a specific offense characteristic' of the tax evasion counts." <u>Haltom</u> at p. 8, quoting § 3D1.2(c). Similarly, Bennett's mail-fraud count embodied conduct that was treated as a specific offense characteristic in the guideline applicable to the tax evasion counts. Therefore, the mail-fraud and tax evasion counts should have been grouped under § 3D1.2(c).

The district court denied the Government's § 5K1.1 motion because it did not believe Bennett was entitled to a departure for assisting the Government in prosecuting the people he "dragged" into his fraudulent scheme. The district court did not abuse its discretion in refusing to grant a § 5K1.1 downward departure in Bennett's sentence. <u>See</u> <u>United States v. Franks</u>, 46 F.3d 402, 406 (5th Cir. 1995).

The sentence is VACATED and the case REMANDED to the district court for resentencing.

VACATED AND REMANDED.